IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LARRY C. LAY, *et al.*, on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs | ) | |
| v. | ) | No. 3:07-cv-259 (Phillips/Guyton) |
| BURLEY STABILIZATION CORPORATION, | ) ) | |
| Defendant | ) ) | |

## MEMORANDUM OPINION

This is a putative class action removed to this court from the Chancery Court for Knox County, Tennessee, on the basis of both federal question and diversity jurisdiction. Plaintiffs, a group of burley tobacco growers, seek disgorgement of funds allegedly owed them by the Burley Stabilization Corporation (BSC), a Tennessee non-profit agricultural cooperative which supports approximately 140,000 tobacco farmers in Tennessee, North Carolina and Virginia. A prior lawsuit filed in the Circuit Court for Knox County and removed to this court, *Larry Lay, et al., v. Burley Stabilization Corporation*, No. 3:06-cv-111, raising virtually the same issues, was dismissed on March 14, 2007. Currently pending is defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a

claim upon which relief can be granted, Rules 12(b)(1); (6), Federal Rules of Civil Procedure, and plaintiffs' motion to remand this action to state court.  For the reasons that follow, the motion to dismiss [Court File #6] will be granted, and the motion to remand [Court File #11] will be denied.

I.

*Factual and Procedural Background*

BSC is a non-profit agricultural cooperative association organized in 1953 under Tennessee law to support growers of burley tobacco within its geographic area, which includes portions of Tennessee, North Carolina and Virginia.  In addition to other functions, BSC worked through the Commodity Credit Corporation (CCC) and the United States Department of Agriculture (USDA) to administer the federal tobacco price support program. Plaintiffs are tobacco producers and members of BSC who enjoyed federal price support on burley tobacco sold through the federal price support program in one or more of the 1982 through 2004 crop years.  In 1938, Congress established a program of federal tobacco quotas and price supports designed to stabilize and increase prices paid to America's tobacco growers.  *See* 7 U.S.C. §§ 1281, *et seq.*  The Secretary of Agriculture and the CCC administered the price support program through cooperative grower associations like BSC. In brief, the USDA annually set a support price level for various types of eligible tobacco. CCC then made loans to BSC and other similar grower associations, which used the loans

to purchase eligible tobacco through various tobacco auctions at the support price when a grower is unable to command a higher price on the open market. CCC would then take a security interest in all tobacco so purchased, which is accounted for separately by crop year. BSC then processed and stored the tobacco and attempted to resell it at a price sufficient to repay CCC and recover its costs.

With the Fair and Equitable Tobacco Reform Act of 2004 (FETRA), Congress effectively terminated the tobacco price support program. In doing so, Congress enacted 7 U.S.C. § 519 to "provide for the orderly disposition of [collateral] tobacco held by an association (like BSC) that has entered into a loan agreement with the [CCC]." Under the FETRA program, CCC can dispose of certain collateral tobacco in a manner to be determined by the Secretary. 7 U.S.C. § 519(b)-(c). FETRA directs CCC to apply receipts from any such tobacco sales, together with the funds in BSC's No Net Cost Account, toward any outstanding CCC loans. Pursuant to FETRA, any funds remaining in BSC's No Net Cost Account after CCC has been fully paid will be transferred to BSC for distribution to the "producers of quota tobacco in accordance with a plan approved by the Secretary." *Id.* at § 519(d).

On February 14, 2005, the plaintiffs in this case filed a substantially similar complaint in the Knox County Circuit Court. The essence of that lawsuit sought to require BSC to disgorge monies collected under FETRA and essentially hasten the dissolution of the

3

BSC. In the Circuit Court action, the state court held that plaintiffs' claims were derivative in nature and had not been brought by the requisite number of plaintiffs or verified, as required by T.C.A. § 48-56-401 for derivative claims. Knox County Circuit Court also ruled that CCC was a necessary party and plaintiffs were ordered to amend their complaint accordingly. Once that amendment was made, the matter was removed to this court on the basis of federal question jurisdiction.

On March 14, 2007, this court issued a memorandum and order agreeing with the state court that plaintiffs' claims were derivative in nature and dismissing all of plaintiffs' claims against BSC for failure to comply with the requirements for asserting their derivative claims. Specifically, the court found that, in accordance with Tennessee law, plaintiffs' claims should be dismissed as they had neither made an appropriate demand on BSC nor pleaded with particularity why such demand should be excused.

On May 29, 2007, plaintiffs filed essentially the same complaint in the Knox County Chancery Court, and it was removed to this court on the basis of federal question and diversity jurisdiction. Among other relief, plaintiffs seek "disgorgement of all funds which may be properly distributed to the named plaintiffs and to the members of the asserted classes, in a means and method to be determined by the court" and an accounting for these funds. Plaintiffs argue again that their action is a direct action as opposed to a derivative

action under which they would be required to comply with all of the requirements for derivative suits under T.C.A. § 48-56-401.

II.

*Motion to Remand*

Because it raises questions of subject matter jurisdiction, the court will first consider plaintiffs' motion to remand this action to the Knox County Chancery Court. Plaintiffs allege that no federal question has been expressly pled; that BSC has not demonstrated that two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of Tennessee; and that the "home state controversy exception," found at 28 U.S.C. § 1332(d)(4)(B), is applicable to provide the basis for diversity jurisdiction.

Upon a careful review of the complaint, the court finds that federal question jurisdiction is proper in this matter. Where a substantial question of federal law is presented, federal question jurisdiction is found even when a plaintiff casts its claim as state law causes of action. "Even though state law creates a party's cause of action, its case might still arise under the laws of the United States if a well-pleaded complaint establishes that its right to relief under state law requires resolution of a substantial question of federal law." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997). This is so where "a right ... created by the ... laws of the United States is an element, and an essential one, of the

plaintiff's cause of action." *Id.* (quoting *Gulley v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). It is undisputed that two federal acts essentially create the plaintiffs' claims – the 1982 Tobacco Act and FETRA. These two acts create plaintiffs' alleged entitlement to the funds at issue and the distribution of the burley tobacco proceeds is one that is to be directed by the Secretary of Agriculture.

In essence, as with the prior lawsuit, plaintiffs effectively seek to liquidate and distribute all BSC assets and to dissolve the cooperative. Such distribution would clearly involve the interpretation of substantial federal law. Accordingly, the court finds that it has federal question subject matter jurisdiction and plaintiffs' motion to remand will be denied.

### III.
### *Standard of Review*

Turning now to the motion to dismiss, Rule 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867 (1990). A court may not grant such a motion to dismiss

based upon a disbelief of the claimant's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988). "[T]he complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

IV.

*Collateral Estoppel*

Collateral estoppel, or issue preclusion, provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158 (1984). The doctrine "has the dual purpose of protecting litigants from the burden of re-litigating an identical issue with the same party or as privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). The doctrine requires the following elements: (i) the issue in subsequent litigation is identical to that resolved in the earlier litigation; (ii) the issue was actually litigated and decided in the prior action; (iii) the issue

7

was necessary and essential to a judgment on the merits in the prior action; and (iv) the party to be estopped was a party to the prior action or in privity with the party. *See Hickman v. Commissioner of Internal Revenue*, 183 F.3d 535, 537 (6th Cir. 1999).

Each of these elements has been satisfied in this case. The plaintiffs in this case are the same class as in the prior case. The issue in the prior case – whether this was a derivative or direct suit – was the same, and both the Knox County Circuit Court and this court agree that it is a derivative action. Further, that issue was necessary and essential to a judgment on the merits in the prior action. Accordingly, the court concludes that the plaintiffs are collaterally estopped from re-litigating the issue in this case.

In addition, even if collateral estoppel did not apply, the court remains of the opinion that plaintiffs' claims in this case are derivative in nature. Whether plaintiffs' claims are derivative or direct is purely a matter of Tennessee state law. *McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466 U.S. 399, 409-10 (6th Cir. 2006). Tennessee courts have found such claims to be derivative. *See, e.g., Range v. Tenn. Burley Tobacco Growers Assoc.*, 298 S.W.2d 545 (Tenn. Ct. App. 1955) (finding grower-members' claims to recover cooperative association funds to be derivative). What the plaintiffs essentially seek in this case is to speed up the dissolution of the corporation, which under Tennessee law would be governed by T.C.A. § 48-64-102, to force the corporation to disgorge funds allegedly owed to this very small number of members, and for an accounting. From the nature of the remedies sought,

8

the court remains of the opinion that plaintiffs' claim is essentially a derivative one and must be brought pursuant to T.C.A. § 48-56-401. That section provides:

> (c) A complaint in a proceeding brought in the right of a corporation must be verified and allege with particularity the demand made, if any, to obtain action by the directors and either why the plaintiffs could not obtain the action or why they did not make the demand.
>
> . . .

T.C.A. § 48-56-401(c). Without compliance with the requirements of T.C.A. § 48-56-401, this court lacks subject matter jurisdiction and the complaint fails to state a claim upon which relief can be granted. Rules 12(b)(1); (6).

V.

*Conclusion*

In light of the foregoing, plaintiffs' motion to remand this action to state court [Court File #11] is DENIED, and defendant's motion to dismiss [Court File #6] is GRANTED. This dismissal is without prejudice.

Enter judgment accordingly.

        *s/ Thomas W. Phillips*
        UNITED STATES DISTRICT JUDGE